Grant E. Courtney, Esq. *(WSBA #16248)*
Pinnacle Real Estate Law Group, PLLC
175 Parfitt Way SW, Suite S140
Bainbridge Island, WA 98110
Tel: (206) 780-4151
Fax: (206) 780-4154

Steven M. De Falco
*Florida Bar No. 0733571*
Steven E. Nurenberg
*Florida Bar No. 0808431*
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Tel: (239) 513-9191
Fax: (239) 513-9677

Attorneys for Plaintiff

07-CV-05301-ORD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| EVANS FRUIT COMPANY, INC., a Washington corporation, <br><br>Plaintiff, <br><br>vs. <br><br>KDLO ENTERPRISES, INC. D/B/A PACIFIC HARBOR TRADING, a Washington corporation, KEVIN M. PEDERSON, an individual, and DONNA MAE PEDERSON, an individual <br><br>Defendants. | Case No.: C07 5301 |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a Temporary Restraining Order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that

Temporary Restraining Order                                                                 Page 1 of 4

immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of Jeannette Evans that Plaintiff, Evans Fruit Company, Inc., is a produce dealer and trust creditor of Defendant, KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading, under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $295,556.00 supplied to said Defendant as required by the PACA. It is also clear from the same Declaration and the Certification of Counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay the claims of Evans Fruit Company, Inc. (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff. On the basis of the pleadings, Declaration and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543,

98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), Plaintiff's attorney has certified why notice should not be required.

Based on the foregoing, this Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Western District of Washington, **ORDERED**:

1. Defendant, KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Kevin M. Pederson and Donna Mae Pederson, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court.

2. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading, unless KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading may sell perishable

agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that KDLO Enterprises, Inc. d/b/a Pacific Harbor Trading maintains the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. The $295,556.00 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

5. This Temporary Restraining Order is entered this 18th day of June, 2007, at 10:15 ☒ a.m. ☐ p.m.

6. A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 28th day of June, 2007, at 9:00 ☒ a.m. ☐ p.m.

7. Plaintiff shall serve a copy of this Order by personal service, including by facsimile transmission or federal express, on or before the 19th day of June, 2007. Such service shall be deemed good and sufficient.

8. Plaintiff shall serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

9. Defendants shall file any and all responsive papers to Plaintiff's Motion on or before June 24th, 2007 at 12:00 ☐ a.m. ☒ p.m.

DONE and ORDERED, this 18th day of June, 2007 at Tacoma, Washington.

*[signature]*
United States District Judge
Western District of Washington