HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EVANS FRUIT COMPANY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>KDLO ENTERPRISES, INC., d/b/a PACIFIC HARBOR TRADING, a Washington corporation, KEVIN M. PEDERSON, an individual, and DONNA MAE PEDERSON, an individual,<br><br>Defendants. | Case No. C07-5301RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment [Dkt. #30]. The Court has considered the motion, response and reply together with the entirety of the record and file herein.

This is a contract dispute between Evans Fruit Company, Inc. ("Evans") and KDLO Enterprises Inc., d/b/a Pacific Harbor Trading ("Pacific Harbor"). Evans is a grower of apples who also owns several packing plants where it packs and ships its apples across the country. Pacific Harbor is a fruit exporter. Evans and Pacific Harbor have been doing business with each other since March, 2004. Between mid-February and May 21, 2007, Pacific Harbor purchased over $277,569.75 worth of apples from Evans for export to overseas markets. Pacific Harbor has failed to pay Evans for the fruit and Evans seeks payment for the commodity together with interest, costs and attorneys' fees per the terms of the sales contracts (Invoices) between the parties. Pacific Harbor does not dispute that it owes Evans for the fruit; however, Pacific Harbor does dispute the amount of the Invoices. Pacific Harbor argues that the parties by their actions have modified the terms of

ORDER
Page - 1

the contracts, that the dollar amounts should be reduced for damaged or rotten fruit, and its own damages for Evans' business interference with Pacific Harbor's customers should reduce the total amount owed to Evans.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Pacific Harbor does not dispute that they owe Evans for the apples it purchased this Spring. Therefore, summary judgment in favor of Evans as to liability is appropriate. However, because damages are at issue, the Court will not establish the amount Evans is due at this time. Rather, the parties are directed to participate in early mediation pursuant to CR 39.1, <u>Local Rules W.D. Wash</u>. The mediation shall occur within 45 days of entry of this Order.

Plaintiff's Motion for Partial Summary Judgment [Dkt. #30] is **GRANTED** as to liability and is **DENIED** as to damages.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 9th day of October, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE