**HONORABLE RONALD B. LEIGHTON**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

| | |
|---|---|
| EVANS FRUIT COMPANY, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KDLO ENTERPRISES, INC., a Washington corporation, et al.,<br><br>    Defendants.<br>CURRY & COMPANY, INC., an Oregon corporation; et al.,<br><br>    Intervening Plaintiffs,<br><br>vs.<br><br>KDLO Enterprises, Inc., a Washington corporation d/b/a PACIFIC HARBOR TRADING, et al.,<br><br>    Defendants. | Case No. 3:07-cv-05301-RBL<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT ('PACA") JUDGMENT AGAINST**<br>[7 U.S.C. §499e, et seq.] |

## I.

## THE PARTIES

The Parties to this Stipulation of Undisputed Facts and For Entry of Judgment ("Stipulation") are CURRY & COMPANY, INC., PARAMOUNT CITRUS COOPERATIVE trading as PARAMOUNT CITRUS ASSOCIATION and STEINBECK COUNTRY PRODUCE, INC. (collectively referred to as ("Intervening Plaintiffs") and Defendants KDLO

1

ENTERPRISES, INC. d/b/a PACIFIC HARBOR TRADING ("PHT"), KEVIN M. PEDERSON and DONNA MAE PEDERSON (collectively "The Individual Defendants") (collectively, PHT and The Individual Defendants referred to as the "Defendants"). The Intervening Plaintiffs and the Defendants will, at times, collectively be referred to as "The Parties."

## II.

## RECITALS

A.   WHEREAS, Intervening Plaintiffs have taken all steps necessary to properly preserve their trust rights under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA") with respect to the sales transactions described below and all sums due Intervening Plaintiffs from Defendants as separately set forth herein qualify for protection under the PACA trust statute;

B.   WHEREAS, Defendants have failed to pay Intervening Plaintiffs for the PACA balance due as described below;

C.   WHEREAS, The Individual Defendants are and during all times relevant herein were officers, directors, and/or members of partners of PHT and were in positions to jointly and severally control the PACA trust assets that are the subject of the above-captioned lawsuit.

D.   WHEREAS, Defendants are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of Intervening Plaintiffs as PACA trust beneficiaries of Defendants and have breached their obligations as trustees by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Intervening Plaintiffs. Defendants are therefore jointly and severally liable to Intervening Plaintiffs for such breach.

NOW THEREFORE, in consideration of the above and of Defendants' agreement to pay sums to Intervening Plaintiffs in the amounts and at the times set forth in a separate, confidential settlement agreement ("Settlement Agreement"), and for Defendants' agreement to allow judgment to be entered against them in the manner described below, the Parties hereby agree and stipulate, for good and valuable consideration the sufficiency of which is hereby

acknowledged, to the following facts, all of which may be adopted by this Court as Findings of Fact upon such terms and conditions as provided in this Stipulation.

### III.

### STIPULATED FACTS

1. Each of the above Recitals is hereby incorporated by this reference as though fully set forth herein.

2. Intervening Plaintiffs sold and shipped perishable agricultural commodities to Defendants, at said Defendants' request, in a series of transactions for which Defendants agreed to pay in amounts cumulatively totaling at least $137,580.00, all of which qualifies for trust protection under the statutory trust provisions of PACA as follows:

| Creditor | Dates of Invoices | Total Invoice Amount |
|---|---|---|
| Curry & Company | 05/01/07 – 05/31/07 | $46,011.00 |
| Paramount Citrus Assn. | 03/09/2007 | $31,162.00 |
| Steinbeck Country Produce | 02/19/07 – 05/30/07 | $60,407.00 |
| **TOTAL** | | **$137,580.00** |

3. The aggregate amount of $137,580.00 has not been paid to Intervening Plaintiffs by any of the Defendants.

4. The agreed-upon accrued finance charges and attorney's fees incurred herein also qualify for PACA trust protection along with the principal sums due for Defendants' purchase of the produce that is the subject of this lawsuit.

5. The total amount due under this Stipulation, all of which qualifies for PACA trust protection, is $169,679.45, itemized as follows:

    A.    Curry & Company, Inc.
          (i)    Principal: $46,011.00
          (ii)   Attorneys' Fees and Costs: $7,399.30
          (iii)  Finance Charges: $2,795.72

  B. Paramount Citrus Cooperative a/t/a Paramount Citrus Association
   (i) Principal: $31,162.00
   (ii) Attorneys' Fees and Costs: $5,011.79
   (iii) Finance Charges: $1,823.62

  C. Steinbeck Country Produce, Inc.
   (i) Principal: $60,407.00
   (ii) Attorneys' Fees and Costs: $9,716.02
   (iii) Finance Charges: $5,353.00

6. Intervening Plaintiffs stipulate and agree that upon recovery of all monies under the Settlement Agreement reached with the Defendants, Intervening Plaintiffs shall file a Notice of Satisfaction of Judgment with the Court.

7. All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties. Said admissions and stipulated facts are binding upon The Parties hereto for all purposes but may not be used or relied upon by any person not a party to this agreement for any purpose whatsoever.

8. The Parties, for themselves and for no others, wish to avoid the further expense and uncertainty of litigation and therefore wish to fully resolve and compromise this dispute, and desire to enter into this Stipulation for Entry of Judgment.

## IV.

## STIPULATION FOR ENTRY OF JUDGMENT

9. Each of the above Stipulated Facts is hereby incorporated by this reference as though fully set forth herein.

10. Defendants, jointly and severally, agree to pay Intervening Plaintiffs, and Intervening Plaintiffs agree to accept payment from said Defendants, the amounts set forth in paragraph 4, above, under the terms set forth in the Settlement Agreement, as payment in full of all monies owed by Defendants to Intervening Plaintiffs arising from or in any way related to the produce purchases described above.

11. As further consideration for Intervening Plaintiffs to enter into this Stipulation,

1  Defendants hereby agree to allow judgment to be immediately entered against them in the form
2  set forth in **Exhibit A**, attached hereto and incorporated herein by this reference. Judgment shall
3  be in an amount equal to the full principal sum due to Intervening Plaintiffs as described in this
4  Stipulation, less any payments received by Intervening Plaintiffs prior to entry of judgment, plus
5  finance charges, attorneys fees and any and all other amounts allowed by this Stipulation.

6      12. So long as each payment is timely made by Defendants in the manner required
7  under the terms of the Settlement Agreement, Intervening Plaintiffs shall take no steps to enforce
8  the judgment described herein.

9      13. In the event that Defendants fail to remit any payment when due hereunder,
10 Intervening Plaintiffs shall, upon three (3) business days advance notice to Defendants, be
11 entitled to immediately enforce the judgment provided for hereunder. Defendants further agree
12 that enforcement of judgment may commence immediately upon expiration of this three (3)
13 business day cure period if the default has not been cured with said period. Notice requirements
14 under this paragraph shall be deemed satisfied upon faxing written notice of delinquency of
15 payment and Intervening Plaintiffs' intent to enforce the judgment provided for hereunder to
16 Defendant's attorney at fax no. (253) 572-3052. In the event this fax number is not operational
17 for any reason at the time Intervening Plaintiffs' or Intervening Plaintiffs' attorney attempt to
18 provide notice hereunder, the notice requirements of this paragraph shall be deemed satisfied if
19 Intervening Plaintiffs' counsel emails Defendants' counsel at the following email address:
20 jdiaz@dpearson.com.

21     14. In addition to non-payment as described above, the occurrence of any one of the
22 following events prior to payment of the sums due hereunder shall be deemed an event of default
23 entitling Intervening Plaintiffs to seek immediate enforcement of judgment without further notice
24 to Defendants: (a) Defendants, or any of them, are named in a petition in bankruptcy, filed
25 voluntarily or involuntarily, or otherwise seek the protection of the bankruptcy laws of any
26 competent jurisdiction; or, (b) Defendants, or any of them, make an assignment for the benefit of
27 creditors; or, (c) Defendant PHT ceases business operations for any reason whatsoever.

5

15. In the event Defendants remit payment in an amount less than the full sums required under the terms of the Settlement Agreement, and Intervening Plaintiffs elect to accept said partial payment, the principal amount of judgment entered in favor of Intervening Plaintiffs shall be reduced by the amount so accepted. The Parties agree that acceptance of partial payment shall not waive or in any way prejudice Intervening Plaintiffs' rights to enforce judgment against Defendants for the unpaid balance that would otherwise be due upon default as set forth in this Stipulation, less any amounts so accepted.

16. Nothing in this Stipulation shall be deemed a waiver or limitation of any rights Intervening Plaintiffs may have under PACA, including, but not limited to, Intervening Plaintiffs' PACA Trust rights, or Intervening Plaintiffs' ability to enforce said trust rights against remaining Defendants not parties to this Stipulation.

17. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

18. In the event any provision of this Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

19. This Stipulation shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of Washington.

20. Defendants and Intervening Plaintiffs acknowledge that by signing this Stipulation, they are giving up their right to a jury trial in connection with the allegations contained in the complaint in intervention filed herein and any subsequent complaints which may be filed by Intervening Plaintiffs to enforce either this Stipulation or any other rights which are the subject of this Stipulation.

21. The Parties, and each of them, acknowledge having had the opportunity to discuss this Stipulation with its or their own attorney, and that they have availed themselves of that opportunity to the extent they have desired to do so.

22. In the event of Defendants' default as defined herein, Intervening Plaintiffs shall be entitled to reimbursement of actual attorneys' fees in connection in with said default and in enforcing the terms of this Stipulation and judgment entered hereon. If any lawsuit or other legal action is brought as between or among any of the Parties hereto relating to, arising out of, or to enforce, any of the provisions of this Stipulation, the prevailing Party shall be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith.

23. All persons whose signatures appear below on behalf of a corporate party hereby represent and warrant that such persons have the authority to execute this Stipulation on behalf of the corporate party and that by doing so have bound the corporate party to the terms of this Stipulation. Said persons also represent that additional steps necessary to so bind the corporation, such as a corporate resolution, shall be promptly taken.

24. Each of the Parties hereto expressly represents and warrants that each party has made such investigation of the facts pertaining to this Stipulation, and all matters pertaining hereto as it deems necessary or desirable.

25. Each of the Parties agrees that each of them is equally responsible for the drafting of this Stipulation and none of the Parties shall be deemed to be the drafter of this Stipulation.

26. The parties agree that the U.S. District Court for the Western District of Washington shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Stipulation and to enter and enforce judgment hereon.

SO STIPULATED AND AGREED:

CURRY & COMPANY, INC.

DATED: _____   By: *SEE SIGNATURE ON FOLLOWING PAGE*
                                       CINDY ELROD
                                       Division Manager

[SIGNATURES CONTINUED, NEXT PAGE]

7

22. In the event of Defendants' default as defined herein, Intervening Plaintiffs shall be entitled to reimbursement of actual attorneys' fees in connection in with said default and in enforcing the terms of this Stipulation and judgment entered hereon. If any lawsuit or other legal action is brought as between or among any of the Parties hereto relating to, arising out of, or to enforce, any of the provisions of this Stipulation, the prevailing Party shall be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith.

23. All persons whose signatures appear below on behalf of a corporate party hereby represent and warrant that such persons have the authority to execute this Stipulation on behalf of the corporate party and that by doing so have bound the corporate party to the terms of this Stipulation. Said persons also represent that additional steps necessary to so bind the corporation, such as a corporate resolution, shall be promptly taken.

24. Each of the Parties hereto expressly represents and warrants that each party has made such investigation of the facts pertaining to this Stipulation, and all matters pertaining hereto as it deems necessary or desirable.

25. Each of the Parties agrees that each of them is equally responsible for the drafting of this Stipulation and none of the Parties shall be deemed to be the drafter of this Stipulation.

26. The parties agree that the U.S. District Court for the Western District of Washington shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Stipulation and to enter and enforce judgment hereon.

SO STIPULATED AND AGREED:

CURRY & COMPANY, INC.

DATED: 1/5/07       By: _____
                         ~~CINDY ELROD~~ COLE HUGHAN
                         ~~Division~~ Manager
                         GENERAL

[SIGNATURES CONTINUED, NEXT PAGE]

7

|   |   |
|---|---|
| | PARAMOUNT CITRUS COOERPATIVE trading as PARAMOUNT CITRUS ASSOCIATION |
| DATED: 10-5-07 | By: /s/ DAVID KRAUSE, Director |
| | STEINBECK COUNTRY PRODUCE, INC. |
| DATED: _____ | By: _____ GREG BEACH, Vice President |
| | KDLO ENTERPRISES, INC. d/b/a PACIFIC HARBOR TRADING |
| DATED: _____ | By: _____ KEVIN M. PEDERSON, President |
| DATED: _____ | By: _____ KEVIN M. PEDERSON, Individually |
| DATED: _____ | By: _____ DONNA MAE PEDERSON, Individually |

[SIGNATURES CONTINUED, NEXT PAGE]

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

|   |   |   |
|---|---|---|
| 1 |  | PARAMOUNT CITRUS ASSOCIATION |
| 3 | DATED: _____ | By: _____ |
| 4 |  | ~~MARY E. GUTIERREZ~~  DAVID KRHUK |
| 5 |  | ~~Credit Manager~~  Director |
| 7 |  | STEINBECK COUNTRY PRODUCE, INC. |
| 9 | DATED: 10/5/07 | By: _____ |
| 10 |  | GREG BEACH |
| 11 |  | Vice President |
| 12 |  | Chris Huntington CEO |
| 13 |  | KDLO ENTERPRISES, INC. d/b/a |
| 14 |  | PACIFIC HARBOR TRADING |
| 16 | DATED: _____ | By: _____ |
| 17 |  | KEVIN M. PEDERSON  President |
| 19 | DATED: _____ | By: _____ |
| 20 |  | KEVIN M. PEDERSON, Individually |
| 23 | DATED: _____ | By: _____ |
| 24 |  | DONNA MAE PEDERSON, Individually |

[SIGNATURES CONTINUED, NEXT PAGE]

8

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

|   |   |   |
|---|---|---|
|   |   | PARAMOUNT CITRUS COOERPATIVE trading as PARAMOUNT CITRUS ASSOCIATION |
| DATED: _____ | By: | _____<br>DAVID KRAUSE<br>Director |
|   |   | STEINBECK COUNTRY PRODUCE, INC. |
| DATED: _____ | By: | _____<br>GREG BEACH<br>Vice President |
|   |   | KDLO ENTERPRISES, INC. d/b/a PACIFIC HARBOR TRADING |
| DATED: 10/4/07 | By: | *(signature)*<br>KEVIN M. PEDERSON<br>President |
| DATED: 10/4/07 | By: | *(signature)*<br>KEVIN M. PEDERSON,<br>Individually |
| DATED: 10/04/07 | By: | *(signature)*<br>DONNA MAE PEDERSON,<br>Individually |

[SIGNATURES CONTINUED, NEXT PAGE]

8

1
2  APPROVED AS TO FORM AND CONTENT:

3  RYNN & JANOWSKY, LLP                          DAVIES PEARSON, P.C.
4
5  _____               _____
   R. JASON READ                                 JOSEPH M. DIAZ (WSBA No. 16170)
6  California State Bar No. 117561               920 Fawcett Ave.
   4100 Newport Place Drive, Suite 700           Tacoma, WA 98401
7  Newport Beach, CA 92660                       Telephone: (253) 620-1500
   Telephone: (949) 752-2911                     Facsimile: (253) 572-3052
8  Facsimile: (949) 752-0953

9                                                Counsel for Defendants KDLO Enterprises, In
   EISENHOWER & CARLSON, PLLC                    d/b/a Pacific Harbor Trading, Kevin M. Peder
10 JOHN R. RUHL (WSBA No. 8558)                  and Donna Rae Rodgers-Pederson
   2830 Two Union Square
11 601 Union Street
   Seattle, WA 98101
12 Telephone: (206) 382-1830
   Facsimile: (206) 382-1920
13
14 Attorneys for Intervening Plaintiffs Curry &
   Company, Inc.; Paramount Citrus Association
15 and Steinbeck Country Produce, Inc.
16
17
18
19
20
21
22
23
24
25
26
27

9

APPROVED AS TO FORM AND CONTENT:

RYNN & JANOWSKY, LLP

DAVIES PEARSON, P.C.

_____
R. JASON READ
California State Bar No. 117561
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953

JOSEPH M. DIAZ (WSBA No. 16170)
920 Fawcett Ave.
Tacoma, WA 98401
Telephone: (253) 620-1500
Facsimile: (253) 572-3052

Counsel for Defendants KDLO Enterprises, Ir d/b/a Pacific Harbor Trading, Kevin M. Peder and Donna Rae Rodgers-Pederson

EISENHOWER & CARLSON, PLLC
JOHN R. RUHL (WSBA No. 8558)
2830 Two Union Square
601 Union Street
Seattle, WA 98101
Telephone: (206) 382-1830
Facsimile: (206) 382-1920

Attorneys for Intervening Plaintiffs Curry & Company, Inc.; Paramount Citrus Association and Steinbeck Country Produce, Inc.

9

## O R D E R

Having read the above Stipulation for Entry of Judgment and good cause appearing therefor,

IT IS HEREBY ORDERED that the following facts are undisputed and are adopted by this Court as findings of fact:

1. Intervening Plaintiffs sold and shipped perishable agricultural commodities to Defendants, at said Defendants' request, in a series of transactions for which Defendants agreed to pay in amounts cumulatively totaling at least $137,580.00, all of which qualifies for trust protection under the statutory trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA"), as follows:

| Creditor | Dates of Invoices | Total Invoice Amount |
|---|---|---|
| Curry & Company | 05/01/07 – 05/31/07 | $46,011.00 |
| Paramount Citrus Assn. | 03/09/2007 | $31,162.00 |
| Steinbeck Country Produce | 02/19/07 – 05/30/07 | $60,407.00 |
| TOTAL | | $137,580.00 |

2. The aggregate amount of $137,580.00 has not been paid to Intervening Plaintiffs by any of the Defendants.

3. The agreed-upon accrued finance charges and attorney's fees incurred herein also qualify for PACA trust protection along with the principal sums due for Defendants' purchase of the produce that is the subject of this lawsuit.

4. The total amount due under this Stipulation, all of which qualifies for PACA trust protection, is $169,679.45, itemized as follows:

    a.    Curry & Company, Inc.
        (i)    Principal:    $46,011.00
        (ii)    Attorneys' Fees and Costs:    $7,399.30
        (iii)    Finance Charges:    $2,795.72

    b.    Paramount Citrus Cooperative a/t/a Paramount Citrus Association
        (i)    Principal:    $31,162.00
        (ii)    Attorneys' Fees and Costs:    $5,011.79
        (iii)    Finance Charges:    $1,823.62

    c.    Steinbeck Country Produce, Inc.
        (i)    Principal:    $60,407.00
        (ii)    Attorneys' Fees and Costs:    $9,716.02
        (iii)    Finance Charges:    $5,353.00

5.    Upon recovery of all monies under the Settlement Agreement reached with the Defendants, Intervening Plaintiffs shall file a Notice of Satisfaction of Judgment with the Court.

IT IS HEREBY FURTHER ORDERED that the foregoing Stipulated Facts and Stipulation for Entry of Judgment are hereby approved in their entirety.

IT IS HEREBY FURTHER ORDERED that upon Defendants' default as defined in said Stipulation for Entry of Judgment, Intervening Plaintiffs shall be entitled to enforce judgment against Defendants named herein consistent with the terms of this Stipulation.

IT IS FURTHER ORDERED that this Court shall retain exclusive personal and subject matter jurisdiction over this matter for the purpose of enforcing the terms of this Stipulation and enforcing judgment entered thereon.

IT IS SO ORDERED.

DATED: October 15, 2007

RONALD B. LEIGHTON
U.S. DISTRICT COURT JUDGE

11